**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 99-60862**
**Summary Calendar**
_____

**SHANNON L. HORNE, On Behalf of Herself and All Others**
**Similarly Situated; WILLIAM E. JENNINGS, JR.;**
**JOHN D. HOLLAND; MICHELE M. BRUBAKER,**

**Plaintiffs-Appellants,**

**VERSUS**

**TIME WARNER OPERATIONS, INCORPORATED; WARNER COMMUNICATIONS,**
**INC., doing business as Time Warner Cable; CAPITOL CABLEVISION**
**SYSTEMS, INCORPORATED; AMERICAN TELEVISION & COMMUNICATIONS**
**CORPORATION; JOHN DOES, Incorporated 1-10; JOHN DOES, 1-30;**
**CABLE ONE, INC.,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:99-CV-606)
_____

July 18, 2000

Before EMILIO M. GARZA, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs sued defendants in federal district court, claiming

diversity jurisdiction, seeking to recover $5 per month late fee

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

payments made by plaintiffs and others similarly situated. Plaintiffs assert this claim, individually and in behalf of all others similarly situated, on theories of misrepresentation, fraudulent concealment, breach of contract, conversion, liquidated damages, money had and received and unjust enrichment and ask for damages, declaratory and injunctive relief. Defendants each filed motions to dismiss under Rule 12(b)(6) which the district court granted. Plaintiffs timely appeal.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself. For the reasons stated by the district judge in his memorandum ruling filed under date of November 10, 1999, we AFFIRM the Final Judgment entered herein on like date.

**AFFIRMED.**